**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**PHALISITY WILLIAMS**                                                                 **PLAINTIFF**

**V.**                                                 **CAUSE NUMBER: 3:25-cv-00214-JDM-RP**

**DIRECT AUTO CDJR, LLC**                                                        **DEFENDANT**

<u>**ORDER AND MEMORANDUM OPINION**</u>

Plaintiff Phalisity Williams texted Defendant Direct Auto CDJR, LLC's employee about a vehicle purchase.  Though the conversation turned to credit inquiries, Williams alleges she did not authorize Direct Auto to make any.  But according to Williams, Direct Auto made credit inquiries anyway.  Williams alleges the unauthorized inquiries damaged her credit score and injured her.  So she sued Direct Auto for violating the Fair Credit Reporting Act.  [1]

Direct Auto—a business located in the Southern District of Mississippi—answered.  [5] And among its defenses, it claimed this Court lacks personal jurisdiction and that venue is improper in the Northern District of Mississippi.  After conducting limited discovery, Direct Auto moved to dismiss Williams's complaint for lack of personal jurisdiction and improper venue.  [14]

This Court finds Direct Auto is incorrect in its personal jurisdiction analysis.  Direct Auto is a Mississippi entity.  Thus, it is subject to general personal jurisdiction in Mississippi courts— including the Northern District of Mississippi.

But venue is a different story.  Because Direct Auto allegedly harmed Williams through acts or omissions made from its location in the Southern District of Mississippi, venue in the Northern District is improper.  Instead of granting dismissal, this Court finds transfer is the better remedy under the circumstances.

Therefore, Direct Auto's motion to dismiss for lack of personal jurisdiction or improper venue is **DENIED in part and GRANTED in part**.  While this Court denies the request to dismiss, based on Direct Auto's assertion of improper venue, the Court transfers this case to the Southern District of Mississippi, Northern Division.

### Factual Background and Procedural History

Based on her allegation that Direct Auto made credit inquiries after she revoked consent, Williams sued Direct Auto for violating the Fair Credit Reporting Act (FCRA), obtaining a credit report under false pretenses, failing to maintain procedures to avoid unauthorized disclosures, defamation, and invasion of privacy/intrusion upon seclusion.   She invoked this Court's subject matter jurisdiction based on the FCRA claim.  And she claimed venue was proper in the Northern District of Mississippi because she suffered injury here.

In its answer, Direct Auto conceded this Court's subject matter jurisdiction.[1]  But it asserted as defenses lack of *personal* jurisdiction and improper venue.  After participating in some discovery, Direct Auto moved to dismiss Williams's complaint two months after it filed its answer.

In its motion, Direct Auto suggests this Court lacks personal jurisdiction because Direct Auto's business is local to Scott County, Mississippi—within the Southern District.  It claims it has not "purposefully avail[ed] itself of the privilege of conducting business in the Northern District."  For the same reason, it argues any alleged actions giving rise to Williams's FCRA claim occurred only in the Southern District.  So venue is improper in the Northern District.

In response, Williams argues Direct Auto waived its jurisdiction and venue defenses by participating in discovery.  She insists that Direct Auto, by not seeking a stay pending its dismissal

---

[1] The Court also notes that it has supplemental jurisdiction over Williams's state law claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"  28 U.S.C. § 1367(a).

motion, Direct Auto has consented to the Court's jurisdiction.[2]

Williams also moved for leave to file a sur-reply to Direct Auto's response in support of its motion. [20] But Williams has no right to file a sur-reply.[3] And because Direct Auto's response only addresses Williams's arguments, Williams motion for leave to file a sur-reply is **DENIED**.

## Discussion

### I.   Direct Auto did not waive its jurisdiction and venue defenses.

As a threshold matter, before delving into Direct Auto's personal jurisdiction and venue arguments, this Court must consider Williams's proposition that Direct Auto waived these claims.

According to Williams, Direct Auto's participation in the litigation is inconsistent with its asserted jurisdiction and venue defenses. As she sees it, producing documents and corresponding for two months constitutes waiver. But Direct Auto initially preserved its defenses in its answer. And this Court does not find its minimal participation in discovery here is at odds with Direct Auto's asserted defenses.

A party may certainly plead lack of personal jurisdiction or improper venue in an answer. But that does not always preclude waiver. Instead, "[w]hether venue or jurisdictional argument has been waived is a fact-intensive inquiry." *Farmer v. Synergy Refrigeration, Inc.*, No. 3:13-cv-213-DPJ-FKB, 2014 WL 12622456 at *2 (S.D. Miss, Oct. 14, 2014) (citing *Brokerwood Prods. Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 Fed. Appx. 376, 380-81 (5th Cir. 2004)). While

---

[2] Over a month after moving to dismiss, Direct Auto moved to stay discovery pending a ruling on its motion to dismiss. [21] But the Court denied the motion to stay because Direct Auto waived the automatic stay provision of Uniform Local Civil Rule 16 and already participated in discovery for several months. [29] Furthermore, less than two months remained in the discovery period when Direct Auto moved to stay. So staying discovery at that time was inappropriate.

[3] Parties have "no right to file a surreply and surreplies are heavily disfavored." *21st Mortg. Corp. v. Lyndon S. Ins. Co.*, No. 2:23-cv-196-KS-MTP, 2024 WL 3069821 at *1 (S.D. Miss. June 20, 2024) (internal quotation marks omitted) (citing *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021)).

typically "parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections[,]" *PaineWebber Inc. v. Chase Manhattan Priv. Bank (Switz.)*, 260 F.3d 453, 459 (5th Cir. 2001), minimal activity may not require such objections be forfeited. *Brokerwood*, 104 Fed. Appx. at 380-81.

In *Brokerwood*, the Fifth Circuit found a defendant who participated in a scheduling conference, provided initial disclosers, filed a motion to strike the jury demand, and participated in discovery over a seven-month period did not participate to a level that would cause waiver. *Id.* In so finding, the Court noted the defendant "did not file any counterclaims, much less seek adjudication on the merits of any claims." *Id.* at 380.

Here, Direct Auto participated much less in discovery than the *Brokerwood* defendant. There was no case management conference. [6] And Direct Auto neither asserted counterclaims nor sought adjudication on the merits of Williams's claims. Though perhaps it would have been prudent to seek dismissal sooner, on these facts, the Court finds Direct Auto's meager two-month participation in discovery did not waive its jurisdictional and venue defenses—defenses it initially preserved in its answer.

## II.    The Court has personal jurisdiction over Direct Auto.

Though not waived, Direct Auto's lack-of-personal-jurisdiction defense fails. And it fails for the simple reason that Direct Auto seeks to apply to itself—a Mississippi business—a particular personal jurisdiction defense that only applies to *out-of-state* defendants.

Direct Auto asserts its business is "local to the Southern District" and that it did not "purposefully avail itself of the privilege of conducting business in the Northern District." But these are factors when determining specific jurisdiction. There are two types of jurisdiction— general and specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358, 141 S. Ct.

4

1017, 209 L. Ed. 2d 225 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)).  General jurisdiction attaches "when a defendant is 'essentially at home' in the State." *Id.* (quoting *Goodyear*, 564 U.S. 915).  By contrast, specific jurisdiction attaches where a defendant, though not at home, takes "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State."  *Id.* (internal quotation marks omitted) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)).

Direct Auto focuses only on language used in determining specific jurisdiction[4] but ignores language supporting the Court's clear general jurisdiction. Direct Auto is undoubtedly a Mississippi resident. So Mississippi courts, including this one, have general personal jurisdiction over Direct Auto.

### III.     Venue is improper in this Court.

That Direct Auto does business in the Southern District is an argument more appropriate for its venue challenge.  "[W]hile personal jurisdiction is assessed with regard to the *forum state*, venue focuses on the *federal districts* in which litigants reside or in which events underlying the claims took place."  14D WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3801 (4th ed. 2025) (emphasis added).

The FCRA does not specifically restrict venue, so the general venue statute controls.

---

[4] The purposeful availment line of cases focuses on personal jurisdiction over *non-resident defendants*. *See Ford Motor Co.*, 592 U.S. 351 (determining Montana and Minnesota courts could exercise personal jurisdiction over company incorporated in Delaware and headquartered in Michigan); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) (determining Oklahoma could not exercise personal jurisdiction over nonresident automobile retailer); *International Shoe Co. v. Wash.*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (determining Washington court could exercise personal jurisdiction over a Delaware corporation).

15 U.S.C. § 1681p; *see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). And under subsection (b)(2) of the general venue statute, "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). In its venue challenge, Direct Auto argues that no "act or omission" giving rise to Williams's FCRA claims happened in the Northern District. Williams counters that because she felt harms in the Northern District, venue is proper under 28 U.S.C. § 1391(b)(2).

The Fifth Circuit has not definitively answered whether it is the location of the lender's actions *or* where the plaintiff is harmed that comprises "a substantial part of the events or omissions giving rise" to an FCRA claim. Some courts in this circuit have held that where the plaintiff suffers controls. *See Smith v. Real Page, Inc.*, No. 4:18-cv-00025, 2018 WL 3105758 at *4 (E.D. Tex. June 25, 2018) ("It is the location where Plaintiff suffered harm . . . which also constitutes a substantial part of the events leading to this [FCRA] suit.") (citing *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001)). Others have reasoned the location of the lender's actions give rise to an FCRA claim for venue purposes. *See Heugel v. TransUnion, LLC*, No. 1:22-cv-1152-LY, 2023 WL 3098994 (W.D. Tex. April 10, 2023); *see also Allen v. Equifax Info. Servs. LLC*, No 4:23-cv-03406, 2024 WL 643297, at *1 (S.D. Tex. Feb. 15, 2024) ("The complaint . . . alleges that [defendant] 'chose to verify' and 'misrepresented' information to Equifax and Experian. . . . Those actions occurred, if anywhere, at [defendant's] headquarters in [the Western District of Texas].").

The facts in *Heugel* are closest to these. In *Heugel*, the plaintiff sued a lender in her home venue, the Western District of Texas, even though the lender was located in the Eastern District of Texas. *Id.* The court found the lender's alleged acts and omissions—failing to investigate a

6

dispute and furnish accurate information to a credit reporting agency—formed a substantial part of the events giving rise to Heugel's claim. *Id.* at *4. And since the lender's acts or omissions occurred where the lender was located, the Eastern District of Texas, venue was improper in the Western District of Texas. *Id.* The court rejected Heugel's argument that venue was proper in the Western District because she suffered emotional distress, sleep disruptions, nausea, and frustration there. *Id.*

Like Heugel, Williams argues venue is proper here because she suffered the harms of Direct Auto's actions in the Northern District of Mississippi. But any harms Williams may have suffered were not "a substantial part of the events or omissions giving rise to the claim[.]" 28 U.S.C. §1391(b)(2). Rather, Direct Auto's alleged, unauthorized credit inquiry is what gave rise to her claims. In fact, every one of Williams's claims stems from her allegation that Direct Auto "submitted hard [credit] inquiries to TransUnion and initiated credit applications with third-party lenders." Williams's complaint even concedes that Direct Auto "is located in Forrest [sic], Mississippi, and conducts business there." And Williams has not alleged that Direct Auto made any credit inquiries from the Northern District. Instead, her complaint is clear that Direct Auto made its alleged credit inquiries from its place of business in the Southern District. Since all alleged, unauthorized inquiries were made in the Southern District, venue is improper in the Northern District.

### IV.    This case should be transferred rather than dismissed.

Because the Northern District of Mississippi lacks venue, the Court transfers the matter to the Southern District of Mississippi, Northern Division. The Court finds that interests of justice and judicial economy favor transfer rather than dismissal.

When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer

such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). While a district court should generally dismiss a case where venue is improper, the Court may transfer to a proper venue in its discretion if the transfer would serve the interest of justice. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022). A relevant consideration in determining whether transfer serves the interest of justice is the plaintiff's reason for filing suit in the improper district. *Id.* To that end, the Court asks if "the plaintiff's belief that venue was proper was in good faith and reasonable." *Id.* (internal quotation marks omitted) (quoting 14D WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3827 (4th ed. 2021)).

Williams's pro se complaint asserts venue is proper in the Northern District because a "substantial part of the events or omissions" giving rise to her claim—the harm she suffered— occurred here. The Court finds Williams's venue assertion, though incorrect, was made in good faith. And transfer, rather than dismissal, would serve the interest of justice.

Direct Auto is located in Scott County, within the Southern District's Northern Division. And that is where it keeps its records and where its employees with knowledge of Williams's claims reside. Additionally, the parties have engaged in discovery for seven months, so judicial economy favors a transfer rather than requiring Williams refile her complaint in the Southern District.

### Conclusion

For these reasons, Direct Auto's Motion to Dismiss [14] is **DENIED in part and GRANTED in part**. It is **ORDERED**:

(1) Williams's Motion for Leave [20] is **DENIED**.

(2) That this case and all pending motions be **TRANSFERRED** to the Southern District of Mississippi, Northern Division.

9

(3) This case is **CLOSED**.

**SO ORDERED**, this the 13th day of March, 2026.

               /s/ James D. Maxwell II
               UNITED STATES DISTRICT JUDGE
               NORTHERN DISTRICT OF MISSISSIPPI